RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SENIOR BENEFIT ADVISORS, INC.,<br><br>Defendant. | Case No. **'22CV0034 W    BGS**<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)<br><br>Class Action<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Rochelle Ward (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for

COMPLAINT
*Ward v. National Senior Benefit Advisors, Inc.*
1

robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA does not only restrict robocalls but also regulates contacting individuals on the National Do Not Call Registry, like in this case involving a campaign by National Senior Benefit Advisors, Inc. ("National Senior") to market its services through the use of telemarketing calls to consumers who had registered their number on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of National Senior's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and, because telemarketing campaigns typically involve calls made *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Rochelle Ward is a resident of Arizona.

5.  Defendant National Senior Benefit Advisors, Inc. is a California corporation headquartered in this District.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.  This Court has personal jurisdiction over National Senior because the company is incorporated in California and resides in this District.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in and directed the calls to Plaintiff from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on

whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

# FACTUAL ALLEGATIONS

12. Defendant National Senior is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff Ward's telephone number, (562)-612-XXXX has been registered with the National Do Not Call Registry since November 25, 2008.

14. The Plaintiff received telemarketing calls from National Senior, at a minimum, twice on February 17, 2021.

15. The Plaintiff answered each call.

16. On the calls the Plaintiff received a marketing sales pitch regarding Medicare coverage, which is offered by the Defendant.

17. The Defendant informed the Plaintiff that they were calling her for Medicare coverage that would fit her needs.

18. The Plaintiff informed the Defendant that she was not interested.

19. All of these calls began with dead air and an indication that the calls were being made with an automated system, which further supports the *en masse* nature of the marketing.

20. Furthermore, the calls were made using the Caller ID, 562-203-0013.

21. This is a local "spoofed" Caller ID that was designed to make the Caller ID appear as if it was calling the Plaintiff from a local location to the Plaintiff's number in order to potentially increase the odds of her answering the calls, which worked.

22. Use of this technology is also indicative of *en masse* calling practices.

23. Other consumers have complained about getting calls from that same number. *See* https://www.reportedcalls.com/5622030018 (Last Visited January 10, 2022).

24. Plaintiff did not provide her consent to receive the telemarketing calls at issue and did not have a prior business relationship with National Senior.

25. The calls were not necessitated by an emergency.

26. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

28. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Do Not Call Class**: All persons within the United States: (1) to whose telephone number registered with the National Do Not Call Registry for at least thirty days at the time of each call (2) an agent acting on behalf of

Defendant placed more than one telemarketing call within a 12-month period (3) within the four years prior to the filing of the Complaint through trial.

29. Plaintiff Ward is a member of and will fairly and adequately represent and protect the interests of this Class as she has no interests that conflict with any of the class members.

30. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

32. This Class Action Complaint seeks injunctive relief and money damages.

33. The Class's members as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

34. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class's members number, at minimum, in the hundreds.

COMPLAINT
*Ward v. National Senior Benefit Advisors, Inc.*
6

35. The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant made calls without first obtaining prior express written consent to make the calls;
>
> (b) whether Defendant systematically made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

39. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this

action on behalf of the other members of the Class and have the financial resources to do so.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)) on behalf of the Do Not Call Class**

43. Plaintiff incorporates the allegations from the foregoing paragraphs as if fully set forth herein.

44. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the Class

while those persons' phone numbers were registered on the National Do Not Call Registry.

45. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's agents from calling telephone numbers registered with the National Do Not Call Registry advertising their goods or services, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a class the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class; and

D.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 12, 2022

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Rochelle Ward
and the Proposed Class*

COMPLAINT
*Ward v. National Senior Benefit Advisors, Inc.*
10